IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| LEONARD JOHNSON, PRO SE, | § | |
| TDCJ-CID No. 1612752, | § | |
| Previous TDCJ-CID No. 768664, | § | |
| Previous TDCJ-CID No. 1272550, | § | |
| Previous TDCJ-CID No. 1413055, | § | |
| FBI No. 603753DB8, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:10-CV-0216 |
| | § | |
| CHARLES AYCOCK, | § | |
| CHARLES SHIPMAN, and | § | |
| MARSHA S. MOBERLEY, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff LEONARD JOHNSON, acting pro se, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges the defendants "took [his] parole without a good cause. They took [his] projected release date on 8-4-2010 because of [his] history, and they [sic] excuse is HB 1433." Plaintiff claims this violated the Double Jeopardy Cause by punishing him "twice for the [same] offense." Plaintiff further claims as follows:

> "[T]hey are also using Greek and Roman Mythology for racism and intimidation by forcing a matrix into making people comply to they ways of living and myth religion, such as Jesus Christ and the myth goddess Themis (Justice). Directly pointing this tactic at the African-American race for power and control and white supremacy saying they are gods or titans. They are forcing this matrix on the African race by the myth goddess Justice saying what she said

> quoting "All crimes shall cease, and ancient fraud shall fail,
> Returning Justice lift aloft her scale, Peace o'er the world her olive
> wand extend, And white-robed innocence from heaven descend.
> [sic et passim.]"

Although he has not listed them among the defendants, plaintiff states he is also suing the City of Abilene, Jones County, and the Amarillo Institutional Parole Office and Board "and all their capacites [sic]."

Plaintiff requests an award of $500,000.00 in compensatory damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

# THE LAW AND ANALYSIS

Parole is "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." Tex.Gov't Code 508.001(6)(West, Westlaw through the end of the 2009 and First-Called Sessions of the Eighty-First Legislature).

The Fifth Circuit has held that there is no constitutional expectancy of early release on parole in Texas, because parole is within the total and unfettered discretion of the State. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Creel v. Keene*, 928 F.2d 707, 711-12 (5th Cir. 1991). At no point, has plaintiff been guaranteed release on parole. Further, release on parole is merely conditional; it does not interrupt the State's legal custody of the person convicted of criminal conduct after a fair trial. *Meachum v. Fano*, 427 U.S. 215, 230-232, 96 S.Ct. 2532, 2541-42, 49 L.Ed.2d 451 (1976)(Justice Stevens, joined by Justices Brennan and Marshall, dissenting)(discussing *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S.Ct. 2593, 2601, 33 L.Ed.2d 484 (1972).

The sole relief requested by plaintiff is an award of monetary relief. Plaintiff does not state whether he is suing the named defendants, AYCOCK, SHIPMAN, and MOBERLEY in their official or individual capacities.

To the extent plaintiff is suing AYCOCK, SHIPMAN, and MOBERLEY in their individual capacities, "State Parole Board Members are absolutely immune from liability for damages in a § 1983 action." *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1193-94 (5th Cir. 1985)(citing *Johnson v. Wells*, 566 F.2d 1016, 1018 (5th Cir. 1978); *see, also, Cruz v. Skelton*, 502 F.2d 1101 (5th Cir. 1974). As to plaintiff's request for monetary relief against

AYCOCK, SHIPMAN, and MOBERLEY in their official capacities and any monetary claim against the Board of Pardons and Paroles, these claims are barred by the Eleventh Amendment. *See McGrew v. Texas Bd. Of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

As to any claims against the City of Abilene, Jones County, and the Amarillo Institutional Parole Office and Board, plaintiff has not pled "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff has not presented any factual allegation of any sort to support a claim against the City of Abilene, Jones County, and the Amarillo Institutional Parole Office and Board and, thus, has failed to state a claim against these defendants on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff LEONARD JOHNSON be DISMISSED WITH PREJUDICE AS FRIVOLOUS, FOR SEEKING MONETARY RELIEF FROM A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF, AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

IT IS SO RECOMMENDED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

ENTERED THIS 7TH DAY OF OCTOBER, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).